IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANNIBONNA MUSIC and STUCK IN THE　　　:
THROAT MUSIC,　　　　　　　　　　　　　 :
　　　　　　　　　　　　　　　　　　　　 :　　Civil Action No. 4:26-CV-1664
　　　　　　　　　Plaintiffs,　　　　　　 :
　　　　　　　　　　　　　　　　　　　　 :
　　vs.　　　　　　　　　　　　　　　　 :
　　　　　　　　　　　　　　　　　　　　 :
LINDAUER TAVERN, LLC, KATHRYN E.　　　 :
LINDAUER, and STANLEY W. LINDAUER,　　 :
　　　　　　　　　　　　　　　　　　　　 :
　　　　　　　　　Defendants.　　　　　　 :
-------------------------------------------------------------------  x

## **COMPLAINT**

Plaintiffs, by their undersigned attorneys, allege:

1.　　This is a suit for copyright infringement under Title 17 of the United States Code.

2.　　This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C. § 1400(a).

3.　　Plaintiffs allege two (2) causes of action for copyright infringement based on Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

**THE PARTIES**

4.      The Plaintiffs named in Column 2\* are the owners of the copyrights in the original musical compositions listed in Column 3, and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

5.      On information and belief, Defendant Lindauer Tavern, LLC ("LTL") is a limited partnership organized under the laws of the State of Pennsylvania with principal offices located at 99 North Main Street, Hughesville, Pennsylvania 17737.

6.      At all times hereinafter mentioned, LTL did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Lindauer's Tavern, located at 99 North Main Street, Hughesville, Pennsylvania 17737.

7.      Musical compositions were and are publicly performed at Lindauer's Tavern.

8.      On information and belief, Defendant Kathryn E. Lindauer is an individual who resides and/or does business in this district.

9.      On information and belief, Defendant Stanley W. Lindauer  is an individual who resides and/or does business in this district.

10.      At all times hereinafter mentioned, Kathryn E. Lindauer and Stanley W. Lindauer were, and still are, members, officers, directors and/or principals of LTL.

11.      At all times hereinafter mentioned, Kathryn E. Lindauer and Stanley W. Lindauer are responsible for the control, management, operation and maintenance of the affairs of LTL.

12.      At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Lindauer's Tavern,

---

\* All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

including the right and ability to supervise and control the public performance of musical compositions at Lindauer's Tavern.

13. Each Defendant derives a direct financial benefit from the public performance of musical compositions at Lindauer's Tavern.

### FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS

14. Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than 1 million songwriter, composer, and music publisher members.

15. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

16. Since July 2025, ASCAP representatives have made numerous attempts to contact Defendants, or their representatives, agents, or employees, to offer an ASCAP license for Lindauer's Tavern. ASCAP's representatives have attempted to contact Defendants by mail, email, phone, and in person.

17. ASCAP's various communications put Defendants on notice that unlicensed performances of ASCAP's members' musical compositions at Lindauer's Tavern constitute copyright infringement of ASCAP's members' copyrights in their musical works.

18. Defendants have refused all of ASCAP's license offers for Lindauer's Tavern.

19.    Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at Lindauer's Tavern, including the copyrighted works involved in this action, without permission, during the hours that Lindauer's Tavern is open to the public for business and presenting musical entertainment.

20.    The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

21.    The original musical compositions listed in Column 3 were published on the date stated in Column 5, and, since their respective dates of publication, have been printed and published in strict conformity with Title 17 of the United States Code.

22.    The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

23.    Defendants on the dates specified in Column 7 and, upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by giving public performances of the compositions at Lindauer's Tavern, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

24.    The public performances at Lindauer's Tavern of Plaintiffs' copyrighted musical compositions on the dates specified in Column 7 were unauthorized: neither Defendants, nor any of Defendants' agents, servants, or employees, nor any performer, was licensed by, or otherwise

received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

26. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

26. The many unauthorized performances at Lindauer's Tavern include the performances of the three copyrighted musical compositions upon which this action is based.

27. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was the owner of the copyright in the composition therein named.

28. The said wrongful acts of Defendants have caused and are causing great injury to Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I. That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and permanently restrained from publicly performing the aforementioned compositions or any of them and from causing or permitting the said compositions to be publicly performed in Defendants' said premises, or in any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of compositions in any such place or otherwise.

II. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred Fifty Dollars ($750) in each cause of action herein.

III.    That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

IV.  For such other and further relief as may be just and equitable.

Dated: June 16, 2026                    Respectfully submitted,

                                        BALLARD SPAHR LLP


                                        /s/ Elizabeth Seidlin-Bernstein
                                        Elizabeth Seidlin-Bernstein (PA 317931)
                                        Noah S. Robbins (PA 206803)*
                                        1735 Market Street, 51st Floor
                                        Philadelphia, PA 19103-7599
                                        Telephone: (215) 665-8500
                                        Facsimile: (215) 864-8999
                                        SeidlinE@ballardspahr.com
                                        RobbinsN@ballardspahr.com

                                        Attorneys for Plaintiffs

                                        * Pro Hac Vice application to be filed